UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JEREIS HATTAR and SALAMEH HATTAR

                Plaintiffs,

  -against-

POLICE OFFICER ANTHONY V. CARELLI,
POLICE OFFICER JULIO ORELLANA,
POLICE OFFICER SEBASTIAN DA COSTA,
POLICE OFFICER HECTOR FUENTES,
POLICE OFFICER JULIO RIVERA,
SERGEANT JOHN GLYNN, POLICE OFFICER
"JOHN DOE #1", POLICE OFFICER "JOHN
DOE # 2", WHITE PLAINS POLICE DEPARTMENT
and THE CITY OF WHITE PLAINS

                Defendants.
-----------------------------------------------------------X



Case No: 09-CV_____

**COMPLAINT**

09 CIV. 4642

JUDGE KARAS

**JURY TRIAL DEMANDED**

      The plaintiffs, by and through their attorneys, MANIATIS DIMOPOULOS & LOMBARDI LLP, complaining of the above-captioned defendants, respectfully allege as follows:

### JURISDICTION

1.     Jurisdiction is founded upon the existence of Federal Questions.

2.     This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to the plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983 as well as pursuant to the common law of the State of New York.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(3 & 4).

4.     Venue is appropriate pursuant to 28 U.S.C. § 1391 (b) (1 & 2).

5. That this Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C. § 1367.

## PARTIES

6. Plaintiff JEREIS HATTAR is a resident of the United States of America, residing within the County of Westchester, the City of Yonkers and State of New York.

7. Plaintiff SALAMEH HATTAR is a resident of the United States of America, residing within the County of Westchester, the City of Yonkers and State of New York

8. At all times referred to herein, defendant P.O. ANTHONY V. CARELLI, was a police officer assigned to the WHITE PLAINS POLICE DEPARTMENT and employed by, and agent of, the CITY OF WHITE PLAINS.

9. At all times referred to herein, defendant P.O. JULIO ORELLANA, was a police officer assigned to the WHITE PLAINS POLICE DEPARTMENT and employed by, and agent of, the CITY OF WHITE PLAINS.

10. At all times referred to herein, defendant P.O. SEBASTIAN DA COSTA, was a police officer assigned to the WHITE PLAINS POLICE DEPARTMENT and employed by, and agent of, the CITY OF WHITE PLAINS.

11. At all times referred to herein, defendant P.O. HECTOR FUENTES, was a police officer assigned to the WHITE PLAINS POLICE DEPARTMENT and employed by, and agent of, the CITY OF WHITE PLAINS.

12. At all times referred to herein, defendant P.O. JULIO RIVERA, was a police officer assigned to the WHITE PLAINS POLICE DEPARTMENT and employed by, and agent of, the CITY OF WHITE PLAINS.

13. At all times referred to herein defendant SERGEANT JOHN GLYNN, was a sergeant assigned to the WHITE PLAINS POLICE DEPARTMENT, and employed by, and agent of, the CITY OF WHITE PLAINS.

14. At all times referred to herein, defendant P.O. "JOHN DOE #1" was a police officer assigned to the WHITE PLAINS POLICE DEPARTMENT and employed by, and agent of, the CITY OF WHITE PLAINS.

15. At all times referred to herein, defendant P.O. "JOHN DOE #2", was a police officer assigned to the WHITE PLAINS POLICE DEPARTMENT and employed by, and agent of, the CITY OF WHITE PLAINS.

16. At all relevant times, the defendant CITY OF WHITE PLAINS (hereinafter referred to as "CITY") was and is a municipal governmental entity organized and existing as such under and by the virtue of the laws of the State of New York.

17. Upon information and belief at all the times hereinafter mentioned the WHITE PLAINS POLICE DEPARTMENT (hereinafter referred to as "WPD"), is a department/political subdivision of the Defendant CITY and is a municipal entity duly organized and existing under and by the virtue of the laws of the State of New York.

18. Upon information and belief, that at all times hereinafter mentioned, the defendant CITY was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant the individual defendants to this action were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

19. Upon information and belief, at all times hereinafter mentioned, the defendant CITY, its agents, servants and employees operated, maintained and controlled the WPD, including all the police officers and employees thereof.

20. The WPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the Police Chief of the WPD is responsible for the policies, practices and customs of the WPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

21. This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under Federal Law, particularly the Civil Rights Act, Title 42 of the United States Code, § 1983, as well as the common law of the State of New York.

22. That a Notice of Claim was served on the defendant CITY on June 17, 2008 and that as of this date plaintiffs' demand for payment and compensation has not yet been addressed by the defendants.

23. That a Notice of Claim was served on the defendant WPD on June 17, 2008 and that as of this date plaintiffs' demand for payment and compensation has not yet been addressed by the defendants.

24. A § 50(H) hearing pursuant to the NYS Municipal Law was conducted on September 9, 2008 as to plaintiff SALAMEH HATTAR and on September 18, 2008 as to plaintiff JEREIS HATTAR.

25. That this action is commenced within one year and 90 days of the conduct giving rise to the instant litigation.

26.  That each and all of the acts of the defendants alleged herein were done by the defendants, as state actors acting under the color of law.

## STATEMENT OF FACTS

27.  On May 24, 2008 between the hours of approximately 1:30 a.m. to 2:30 a.m., the plaintiffs were celebrating a friend's birthday at the Black Bear Saloon located at 166 Mamaroneck Avenue, White Plains, New York. At approximately 2:30 a.m. of that day, the plaintiffs exited the Black Bear Saloon briefly.

28.  On May 24, 2008 at approximately 2:30 a.m., plaintiffs JEREIS HATTAR and SALAMEH HATTAR, twin brothers, were lawfully congregating on the sidewalk near the intersection of East Post Road and Mamaroneck Avenue in the City of White Plains, County of Westchester, State of New York.

29.  At approximately 2:30 a.m., the plaintiffs were approached by defendants CARELLI, ORELLANA and DA COSTA, "JOE DOE #1" and "JOHN DOE #2" who began asking them questions regarding their whereabouts and thereafter attacked the Plaintiff JEREIS HATTAR and threw him to the ground and began kicking and beating him.

30.  Thereafter, defendants FUENTES, SERGEANT JOHN GLYNN and RIVERA joined CARELLI and ORELLANA and arrested the plaintiffs and forced them into squad cardsand escorted them to the White Plains Police Department and incarcerated the plaintiffs.

31.  While hand cuffed and confined, the plaintiffs were ridiculed, struck, and beaten by the various defendants.

32.  During their respective beatings, the defendants made racist remarks towards the plaintiffs who are of Arab decent and called them "rag heads" amongst other racially derogatory comments.

33. While hand cuffed and confined, the plaintiff JEREIS HATTAR was struck in the eye with a "night stick", by, upon information and belief, defendant CARELLI.

34. As a result of the foregoing, JEREIS HATTAR suffered head and eye injuries, and injuries to his neck and chest, a black eye, lacerations to the head, face and neck, bruising and/or lacerations about the back, arms, hands, neck and face.

35. Defendants CARELLI, ORELLANA and DA COSTA caused both plaintiffs to be wrongfully arrested and charged with Disorderly Conduct, pursuant to New York State Penal Law Section 240.20 subdivision 3, a violation of New York State Penal Law.

36. At a criminal trial of the plaintiffs JEREIS HATTAR and SALAMEH HATTAR, the plaintiffs were acquitted of all charges.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA <u>THE USE OF EXCESSIVE AND UNREASONABLE FORCE</u>

37. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

38. That the plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiffs were unlawfully subjected to excessive and unreasonable force by the defendants who assaulted plaintiffs.

39. That the excessive force that the plaintiffs were subjected to was effected by defendants without authority of law and without any reasonable necessity to use any force, much less the excessive force that they employed and the force employed was used without legal

6

justification, without plaintiffs' consent, with malice and with an intent to inflict pain and suffering.

40. As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution, more particularly plaintiff's right to be free from the use of excessive and unreasonable force.

41. That by reason of the unlawful use of excessive and unreasonable force, the plaintiffs were harmed physically in that plaintiff SALAMEH HATTAR received lacerations and bruising to his arms and legs and Plaintiff JEREIS HATTAR was harmed physically in that he suffered head and eye injuries, and injuries to his neck and chest, a black eye, lacerations to the head, face and neck, bruising and/or lacerations about the back, arms, hands, neck and face, lost bodily functions, was subjected to physical pain, humiliation, embarrassment, anxiety and continues to be subjected to various ongoing physical and emotional harms, and that the plaintiff was otherwise harmed.

42. That all the defendant officers who were present and who failed to intervene to prevent either the initial or subsequent assault on plaintiffs by defendants are liable to the plaintiffs via their failure to intervene to prevent the preventable harms and violations of plaintiffs' rights committed in their presence.

43. That by reason of the aforesaid, the plaintiffs have been damaged in a sum not to exceed TEN MILLION ($10,000,000.00) DOLLARS, plaintiffs are entitled to an award of punitive damages, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
## 42 U.S.C. § 1983 AND THE FOURTH
## AMENDMENT BY DEFENDANT YONKERS CITY
## i.e., MONELL CLAIM

44.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

45.     That the plaintiffs' rights have been violated under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the defendant, CITY.

46.     Defendant CITY and unidentified police officers, identified in the complaint as POLICE OFFICER "JOHN DOE 1," and POLICE OFFICER "JOHN DOE 2," who were supervisors and final decision makers, as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiff's rights under the Constitution and laws of the United States, in that they failed to adequately discipline, sanction, train, retrain, investigate, supervise or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant officers in this case to engage in the above-mentioned conduct.

47.     Defendant CITY, as well as unidentified police officers, identified in the complaint as POLICE OFFICER "JOHN DOE 1," and POLICE OFFICER "JOHN DOE 2," who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, investigate, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by the use of excessive and unreasonable force and by officers routinely generating false charges to cover-up the use of excessive force as well as by the ongoing failure

of members of the WPD to intervene to prevent preventable violations of individuals' rights by other officers and in so failing the defendant CITY has caused, encouraged, condoned and allowed the defendants in this case, to engage in the aforementioned unlawful conduct without fear of consequences for their illegal acts which did cause the plaintiff to be subjected to deprivations of her civil rights.

48. That the WPD maintains an Internal Affairs Division (IAD) which is purposefully and intentionally ineffective in investigating allegations of excessive force and which exists merely to exonerate officers who in fact have subjected people to excessive force, malicious prosecutions and various other violations of individuals' rights.

49. That because the defendant officers in the instant matter had/have no fear of internal reprisals for violating individuals' rights, they did in fact violate the plaintiffs' rights in the instant matter and they did compound their violations of their rights by subjecting them to excessive force, by alleging they had committed crimes or other violations of the Penal Law, generating documents alleging wrongfully that plaintiffs had committed crimes and/or other violations of the Penal Law, and in and by failing to intervene to prevent the preventable violations of plaintiffs' rights committed in their presence.

50. That by reason of defendant CITY deliberate indifference to the violations of plaintiff's civil rights, plaintiff was subject to the unlawful use of excessive and unreasonable force, plaintiff was harmed physically in that plaintiff SALAMEH HATTAR received lacerations and bruising to his arms and legs and Plaintiff JEREIS HATTAR was harmed physically in that he suffered head and eye injuries, and injuries to his neck and chest, a black eye, lacerations to the head, face and neck, bruising and/or lacerations about the back, arms, hands, neck and face, lost bodily functions, was subjected to physical pain, humiliation, embarrassment, anxiety and

continues to be subjected to various ongoing physical and emotional harms, and that the plaintiff was otherwise harmed.

51. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed TEN MILLION ($10,000,000.00) DOLLARS,

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK VIA BATTERY

52. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

53. That the defendant CITY is vicariously liable to the plaintiffs for the individual defendants' common law tort of battery via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

54. That defendants committed a battery on plaintiffs in that their touching of the plaintiffs was harmful, unconsented, and unjustified and in so doing defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiffs' rights under New York law.

55. That by reason of the battery, the plaintiffs were harmed physically in that plaintiff SALAMEH HATTAR received lacerations and bruising to his arms and legs and Plaintiff JEREIS HATTAR was harmed physically in that he suffered head and eye injuries, and injuries to his neck and chest, a black eye, lacerations to the head, face and neck, bruising and/or lacerations about the back, arms, hands, neck and face, lost bodily functions, was subjected to physical pain, humiliation, embarrassment, anxiety and continues to be subjected to various ongoing physical and emotional harms, and that the plaintiff was otherwise harmed.

56. That by reason of the aforesaid, the plaintiffs have been damaged in a sum not to exceed TEN MILLION ($10,000,000.00) DOLLARS, and that plaintiff is entitled to an award of punitive damages.

### AS AND FOR AN FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF THE PLAINTIFF'S RIGHTS UNDER
### NEW YORK STATE LAW
### ASSAULT

57. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

58. That on the aforementioned date, time and place defendants committed the tort of assault against the plaintiffs by causing them to be in apprehension of imminent, harmful and offensive touching and in so doing defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiffs' rights under New York law.

59. That the defendant CITY is vicariously liable to the plaintiff for the individual defendants' common law tort of assault via the principle of respondeat superior and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR §1602(1)(b).

60. That by reason of the aforesaid, committed by defendants, plaintiffs suffered and continue to suffer emotional injuries and that she was otherwise damaged.

61. That by reason of the aforesaid the plaintiff has been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and that they are entitled to an award of punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## NEW YORK STATE TORT CLAIM
## NEGLIGENT HIRING, TRAINING AND RETAINING

62. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

63. That the defendant, CITY, was negligent, careless, reckless and deliberately indifferent in hiring, retaining, improperly training and supervising the individual defendants in that the said defendants lacked the experience, deportment, ability and temperament to be employed by the CITY, in that the CITY defendant failed to exercise due care and caution in its hiring practices, and in particular, in hiring the individual defendants, employees who lacked the mental capacity, temperament and the ability to function as an employees of the WPD; failing to investigate the above-named defendants' backgrounds and in that defendant CITY hired and retained as employees of the department individuals who were unqualified in that the individual defendants lacked the maturity, sensibility, intelligence and self restraint to be employed when hired to be employees of defendants CITY and WPD.

64. That the defendant, CITY failed to train its employees to control their tempers and exercise the proper deportment and temperament; to use force prudently and only when necessary, and to otherwise act as reasonably prudent police officers; and in that the defendant CITY failed to give its employees proper instruction as to their deportment, behavior and conduct as representatives of their employer; and in that the defendant CITY, its agents, servants and employees were otherwise reckless, careless, deliberately indifferent and negligent.

65. That the defendant, CITY hired and retained as employees violent persons with a propensity for violence.

66. That the defendant, CITY hired and retained as employees dishonest persons with a propensity for dishonesty.

67. That the aforesaid occurrences and resulting injuries to plaintiff's mind, body and pecuniary harms therefrom, were caused wholly and solely by reason of the negligence of the defendant CITY, its agents, servants and employees without any negligence on the part of the plaintiff.

68. That by reason of the negligence of the defendant CITY, plaintiff was subject to the unlawful use of excessive and unreasonable force, a battery, plaintiff was harmed physically, receiving various physical injuries and was subjected to humiliation, embarrassment, anxiety, defamation in the community, they were confined and forced to appear in court and that they were and is still subjected to various ongoing physical and emotional harms, and that the plaintiffs were otherwise harmed.

69. That by reason of the aforesaid, the plaintiffs have been damaged in a sum not to exceed TEN MILLION ($10,000,000.00) DOLLARS, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

## TRIAL BY JURY DEMANDED

70. A trial by jury of all issues involved in this complaint in hereby demanded.

**WHEREFORE,** plaintiffs demand judgment against the defendants as follows:

(i) in a sum not to exceed TEN MILLION ($10,000,000.00) DOLLARS and punitive damages on the First Cause of Action;

(ii) in a sum not to exceed TEN MILLION ($10,000,000.00) DOLLARS and punitive damages on the Second Cause of Action;

(iii) in a sum not to exceed TEN MILLION ($10,000,000.00) DOLLARS and punitive damages on the third Cause of Action;

(iv) in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and punitive damages on the Fourth Cause of Action;

(v) in a sum not to exceed TEN MILLION ($10,000,000.00) DOLLARS and punitive damages on the Fifth Cause of Action;

(vi) plaintiffs are entitled to an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988 on all of their federal causes of actions together with costs and disbursements of this action on all causes of action;

(vii) and such other and further relief as this Court may deem just and proper under the circumstances.

Dated:   Scarsdale, New York
         May 15, 2009

                                    MANIATIS DIMOPOULOS
                                    & LOMBARDI LLP

                                    By: _____
                                        Leonard E. Lombardi (LL 4532)
                                        Constantine G. Dimopoulos (CD 6422)
                                        700 White Plains Road, Ste. 338
                                        Scarsdale, New York 10583
                                        Tel. No: (914) 472-4242
                                        Fax No: (914) 801-2613
                                        e-mail: cgd@mdlattorneys.com

                                        *ATTORNEYS FOR PLAINTIFFS*